Salim v. Garland
BIA
Vomacka, IJ
A201 291 842

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty-two.

PRESENT:
    PIERRE N. LEVAL,
    RAYMOND J. LOHIER, JR.,
    MYRNA PÉREZ
        *Circuit Judges.*

_____

MOHAMMED SALIM,
        *Petitioner*,

        v.                                          20-853
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mahfuzur Rahman, Esq., Elmhurst, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne, Assistant

Director; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Salim, a native and citizen of Bangladesh, seeks review of a February 10, 2020, decision of the BIA affirming a March 30, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed Salim,* No. A 201 291 842 (B.I.A. Feb. 10, 2020), *aff'g* No. A 201 291 842 (Immig. Ct. N.Y. City Mar. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Salim was not credible as to his claim of past persecution by members of the Awami League and the police on account of his support for the Bangladesh National Party ("BNP").

3

The agency reasonably relied on several inconsistencies between Salim's application and testimony regarding alleged attacks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020.) Salim's application gave detailed accounts of attacks in October 2001 and October 2006, three attacks in January 2009, and two attacks in February 2010. However, he testified that he was attacked for the first time in 2009, did not mention the 2001 or 2006 incidents until confronted with the discrepancy on cross-examination, and could not remember anything regarding the 2006 attack even though it allegedly occurred on a historic day and left him unconscious. Moreover, when asked who attacked him in 2001, he named different attackers than those named in his application. And while his written statement described three attacks in January 2009, he testified about only two.

The agency also reasonably found that Salim's documentary evidence did not rehabilitate his credibility and, in some cases, contradicted or raised doubts about the plausibility of his account. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167 (permitting consideration of

4

discrepancies between the petitioner's testimony and letters from third parties); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Salim testified that he was hospitalized on February 27, but his doctor's letter states that he was hospitalized from February 19 to 22. He testified that Awami League members "ransacked" his house in Bangladesh and "burnt down" his family's furniture and, following his departure, returned many times to his wife's home and broke furniture. But his wife did not confirm these details, stating only that Awami League members threatened her and came to the house searching for Salim. His mother's letter describes 2001 and 2006 attacks that Salim did not recall in his testimony. Moreover, his mother's and sister's letters contained some identical language, suggesting they were not, as he testified, written independently. *See Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (per curiam) (upholding adverse credibility determination based in part on "nearly identical

language in the written affidavits allegedly provided by different people" in support of a petitioner's claim).

The agency also reasonably rejected some of Salim's testimony as implausible. A finding of implausibility "must be based on more than bald speculation or caprice" but will generally be upheld where it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (quotation marks omitted). Salim made a late addition to his claim, alleging that Awami League members assaulted his wife shortly after his hearing before the IJ. The IJ reasonably found this allegation implausible given that Salim did not corroborate it with anything other than a photograph of a woman in a cast, nearly seven years had passed since Salim left Bangladesh, and there was no prior violence against his wife or any event to trigger heightened violence after so many years. *Id.*

Salim argues that faulty interpretation at his merits hearing deprived him of due process because it "create[d] confusion" that led to the IJ finding him not credible. This claim fails because the IJ's adverse credibility

6

determination was primarily based on discrepancies and implausibilities in his testimony, and Salim does not explain how all the problems with his testimony could be attributed to the interpreter.[1] *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

Given the inconsistencies, implausible statements, and lack of reliable corroboration as described above, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of asylum, withholding of

---

[1] Salim cites interpreter error to challenge the IJ's finding that he was "hemming and hawing" when he said 1979 and 1989 before landing on 2009 as the year of his first attack. We decline to rely on this finding or on the IJ's findings regarding a 2012 election and January 9, 2009, attack that are not supported by the hearing transcript. Even crediting the allegation of interpreter error, the other findings provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir. 2006).

removal, and CAT protection because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```